## William Neeley, Appellee, v. Metropolitan Life Insurance Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1915. Reversed and remanded. Opinion filed April 17, 1916.

### Statement of the Case.

Action of assumpsit by William Neely, plaintiff, against the Metropolitan Life Insurance Company, defendant, to recover on a life insurance policy on the life of the daughter of plaintiff. From a judgment for plaintiff, defendant appeals.

WILLIAM P. LAUNTZ, for appellant.

JAMES G. McHALE and EDGAR P. HOLLY, for appellee.

MR. JUSTICE BOGGS delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 233*—*when making of false statements by applicant bars recovery on policy.* The beneficiary in a life insurance policy is not entitled to recover thereon where the applicant made false statements as to whether she was suffering with disease at the time the policy was issued.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

The People v. Kirby, 199 Ill. App. 91.

2. WITNESSES, § 33*—*when wife incompetent witness for husband.* In an action on a life insurance policy by a husband as beneficiary, the wife of plaintiff is an incompetent witness in his behalf under Rev. St., ch. 51, sec. 5 (J. & A. ¶ 5522.)

3. INSTRUCTIONS, § 151*—*when instruction covered by given instructions properly refused.* An instruction is properly refused where it is covered by given instructions.

4. INSTRUCTIONS, § 96*—*when instruction on credibility of witness proper.* In an action on a life insurance policy against a corporation, an instruction that if the jury believed from the evidence that plaintiff had wilfully sworn falsely as to any material matter on the trial then they might disregard his entire testimony, *held* improperly refused, since, one of the parties being a natural person, it was proper to direct the attention of the jury to his testimony and not draft the instruction so as to apply to both parties, as should be done where both parties were natural persons.